Henry Wheat and al. *against* The State.

*June, 1824.*

THE Record sets out a notice, dated *December* 28th, 1821, from the Comptroller to *Henry Wheat* and his securities, of a motion to be made in the Circuit Court of *Dallas* County, on the 4th *Monday* in *February* next, against them for a certain amount due to the State from *Wheat* as Tax Collector of *Mobile* County for the year 1820, which was returned endorsed by the Sheriff thus : " Received, *January* 9th, 1822, and executed by giving a copy to each of the " within-named persons." That at the Circuit Court, begun and held in the County of *Dallas* on the third *Monday* of *March*, came the State of *Alabama* by the Attorney General, and produced a transcript from the books of the Comptroller, &c. by which it appears that said *Henry Wheat*, &c. are indebted to the State in the sum of twenty-seven hundred and seventy-six dollars 28¼ cents, for the balance due from said *Wheat* as Collector of taxes, &c. for, &c. and a judgment by default for the above-mentioned sum, and $295 33 interest from 1st *November*, 1820. In the Record is also set out a copy of the bond of the Collector and his securities, dated 15th of *March*, 1820, payable to *William W. Bibb*, Governor, and his successors in office, conditioned that said *Wheat*, Collector of taxes of the County of *Mobile* for the year 1820, " shall well and faithfully perform the duties of said office according to law." The matters here assigned by *Wheat*, &c. as Errors appear in the

1, Motion vs. delinquent tax Collector is properly in the name of the State, although his bond is to the Governor. 2, A Statute may give a new remedy on a right accrued before its enactment. 3, Notice returned, "received 9th *January*, 1822, and executed," was executed on day of its receipt. 4, Notice of motion to be made on 4th *Monday* in *February*. An Act of Assembly changes the time of the commencement of the term of the Court to 3d *Monday* in *March*, and requires all process, &c. to be then returned. Good notice to 3d *Monday* in *March*.

Opinion of the Court delivered by Judge *Crenshaw.*
As to the first assignment—that the proceedings on the bond in the name of the State, and not in the name of the

JUNE, 1824.

Henry Wheat
and al.
v.
The State

Governor.  An action on the bond to recover the penalty for breach of the condition would, I presume, be in the name of the Governor ; but this was a motion expressly authorized by Statute for the recovery of the amount due to the State, and the proceedings and judgment are properly in the name of the State.  (Laws Ala. 769, s. 1.)

As to the 2d, 4th, 5th, 6th, and 11th assignments—that the process or action does not run in the name of "The State of *Alabama*" as required by the Constitution : that the judgment and proceedings are not according to the course of the common law : that they are not, or either of them, alleged to be in pursuance of any Statute : that the notice or leading process does not state sufficient matter to give jurisdiction to the Circuit Court, or sustain any judgment: and that the judgment was rendered without the intention of a Jury.   These points have all been settled by the case of *Armstrong* and *Pinkston* against the State.(a)

(a) *ante, p.* 160.

The third assignment charges that the proceedings and judgment are not authorized by the Constitution and laws of the State in force at the time, and applicable to the case. The proceedings and judgment were under the Act of Assembly, 1820, (Laws Ala. p. 769,) and for taxes collected in 1820.   A prior Statute required the tax Collector to pay the taxes into the treasury on or before the first *Monday* in *October* in each year.   (Laws Ala. 766. s. 2.)   The right of the State to the taxes or debt due from the collector, accrued on the first *Monday* in *October*, 1820, when they should have been paid into the treasury.   The Act of *December* following changed the mode of recovering the taxes from the Collector.   The Legislature could not impair or change the right to the debt, but they could rightfully alter or modify the remedy or mode of proceeding to recover the debt.

As to the 7th assignment—that it does not appear that the notice was served on the defendants, or either of them, fifteen days previous to the sitting of the Circuit Court. On the notice the Sheriff has returned, " Received *January* 9th, 1822, and executed," which clearly signifies that it was executed on the same day it was received, which was more than 15 days before the 3d *Monday* in *March*.

As to the 8th, 9th, and 10th assignments—That it does not appear that the defendants, or either of them, had fifteen days' notice of a motion to be made at said Circuit Court, held on the 3d *Monday* in *March*, 1822 : that there is a repugnancy in the Record, the Court being held on the third *Monday* in *March*, and the notice being to the fourth *Monday* in *February* preceding : and that it does not appear

that defendants, or either of them, had notice of any proceedings to be had against them on the 3d *Monday* in *March*, 1822. The notice was of a motion to be made on the 4th *Monday* in *February*, 1822.

By an Act of the preceding session of the Legislature, the time for holding the Court was changed from the 4th *Monday* in *February* to the 3d *Monday* in *March*; and it was enacted " that all process now or hereafter made re-" turnable to any of the Circuit Courts at the first term " thereof by the existing laws shall be returnable to the first " term of said Courts as changed by this Act, and shall be " proceeded on as though made returnable thereto." (Acts of 1821, p. 9, 10.) By the operation of this Statute the notice was returnable to, and the judgment legally rendered, at the term stated in the Record. It is the unanimous opinion of the Court that the judgment of the Circuit Court be affirmed.

*H. G. Perry* and *Rust*, for plaintiffs in Error.

*White*, Attorney General, for the State.